UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20284-CR-Moreno/Garber

UNITED STATES OF AMERICA,

v.

GLENDELL SLATER, JR.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from Chief United States District Judge Federico A. Moreno. Pursuant to such reference, the Court has received the defendant Glendell Slater, Jr.'s Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2) in Accordance with Amendment 750.

## FACTUAL BACKGROUND

The defendant Slater, on August 15, 2008 entered a guilty plea to Count 1 of the Indictment, charging him with conspiring to possess with the intent to distribute 500 grams or more of powder cocaine and 5 grams or more of crack cocaine. He was sentenced on October 23, 2008 to a term of imprisonment of 84 months, which was 178 months less than his guideline range of 262 months to 327 months. The defendant seeks a reduction of said sentence based upon an amendment to 18 U.S.C. §3582(c)(2) which became effective on November 1, 2011. The amendment reduced the base offense levels applicable to cocaine base (crack) offenses. The government opposes such relief.

## DISCUSSION

Based upon the defendant's criminal history of convictions for drug trafficking offenses, he was deemed to be a career offender by application of the Sentencing Guidelines. His Total Offense Level, because of his career criminal status, was increased to 34 and he had a Criminal History Category of VI which yielded an advisory guideline range of 262-327 months. Such guideline range is based upon the career-offender guideline as set forth in Section 4B1.1, rather than the amended provision regarding crack cocaine as set forth in Section 2D1.1 of the Sentencing Guidelines. The defendant's enhancement to level 34 is not affected by recent guideline amendments; his offense level of 34 remains the same as it was at the time of the imposition of sentence.

The issue regarding the career offender status and the application of a retroactive crack cocaine guideline to a sentence imposed thereunder has been considered by all of the Circuit Courts of Appeal. Each circuit has held that the relief sought is impermissible. A sampling of such rulings is as follows: *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008); *United States v. Mock,* 512 F.3d 133, 138 (2d Cir 2010); *United States v. Anderson*, 591 F.3d 789,791 (5th Cir. 2009); *United Stater v. Tingle*, 524 F.3d 839 (8TH Cir. 2008); *United States v. Moore*, 541 F. 3d 1323, 1327-30 (11th Cir. 2008).

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Glendell Slater, Jr.'s Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), in Accordance with Amendment 750, be DENIED.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Chief United States District Judge Federico A. Moreno. See 28 U.S.C. §636.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 18th day of April, 2012.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE